UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CLIFTON SHOCKLEY,**

    Petitioner,

                                      Civil No: 04-72842
                                      Honorable Denise Page Hood
                                      Magistrate Judge Virginia A. Morgan

v.

**SHERRY L. BURT,**

    Respondent.

_____

**OPINION & ORDER GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT AND DISMISSAL
OF PETITION FOR WRIT OF HABEAS CORPUS**

**Introduction**

      This matter is before the Court on "Respondent's Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus" based upon statute of limitations grounds. Petitioner has filed a responsive pleading. For the reasons set forth below, the Court grants Respondent's summary dismissal motion.

**Statement of Facts**

      Petitioner, who is presently thirty years old, was convicted of second degree murder when he was sixteen years of age in violation of MCL §750.316 and of possession of a firearm during the commission of a felony in violation of MCL §750.227B-A. The offenses for which Petitioner was convicted were committed when he was fifteen years of age. Petitioner was sentenced to 40-60 years for the convictions. Petitioner's sole issue presently before the Court is

whether his Eighth Amendment right not be subjected to cruel and unusual punishment was violated when the trial court imposed its sentence. Petitioner asserts that his sentence is excessive in light of the fact that the sentencing guideline for his offenses is 8-25 years; and Petitioner's Pre-Sentence Report recommendation set forth a term of 25-40 years as an appropriate sentence.

**Procedural History**

On November 12, 1990, the murder and firearm possession offenses were committed. On January 16, 1992, Petitioner was convicted of committing these criminal acts. On April 13, 1992, Petitioner was sentenced to the previously stated term of imprisonment. Petitioner did not file a direct appeal, but rather waited approximately 9 years, June 12, 2001, before filing a motion for relief from judgment, which was denied. At the time Petitioner filed his motion for relief from judgment, he was twenty-five years of age. Petitioner proceeded to file a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied on March 20, 2003. Petitioner then filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied on October 31, 2003. Now, Petitioner has filed the pending habeas petition with this Court.[1]

**Applicable Law**

Respondent has moved for summary judgment on the ground that Petitioner failed to comply with the statute of limitations under the Antiterroism and Effective Death Penalty Act of

---

[1] Petitioner's initial habeas petition was filed on April 21, 2004, but was rejected by the Court for failure to comply with procedural filing requirements. The petition was re-filed on August 25, 2004.

1996 (AEDPA)[2] for prisoners appealing state convictions pursuant to 28 U.S.C. § 2244(d). Because Petitioner's conviction became final before the AEDPA effective date of April 24, 1996, the statute of limitations on Petitioner's habeas claim expired on April 24, 1997, one year after the effective date. *Griffin v. Rogers,* 399 F.3d 626, 631-632 (6th Cir. 2005). Petitioner's June 12, 2001 motion for relief from judgment did not toll the limitations period, because he applied for post-conviction relief over 4 years after the AEDPA limitations period expired. *See 28 U.S.C. § 2244(d)(2).*

---

[2]The AEDPA statute of limitations for habeas petitions by state prisoners provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*28 U.S.C. § 2244(d)*

Petitioner mistakenly asserts that the one year period began to run on October 31, 2003 when the Michigan Supreme Court denied his delayed application. That date would have the statute of limitations expiring on October 31, 2004, which would make Petitioner's April 21, 2004 habeas petition filing timely. However, what Petitioner fails to acknowledge is that the statute of limitations expired on April 24, 1997, which was 4 years before he filed his motion for relief from judgment. The filing of Petitioner's post- conviction motion did not restart the statute of limitations period in this matter. *28 U.S.C.A. § 2244*; *See McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir.2002). Therefore, by the time Petitioner had filed his motion for relief from judgment, he was already time barred from filing a habeas petition with this Court. The only argument that Petitioner could make in an effort to circumvent the limitations period is to assert that his claim should be equitably tolled.

Petitioner would bear the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560- 61 (6th Cir.2000). In determining whether to apply the doctrine, the Court considers the following factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim; and (6) actual innocence. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). "These factors are not necessarily comprehensive and

4

they are not all relevant in all cases." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

>Petitioner makes the following argument in support of an equitable tolling claim:
>
>At the time of Petitioner's sentencing and direct appeal he was under the age of eighteen, 17 to be exact.  To expect a minor to follow the laws originally designed and intended to be followed by adults is unconstitutional and unreasonable.  It is incomprehensible to allow anyone under the age of 16 (in the state of Michigan) to drive a car or buy an alcoholic beverage before the age of 21; join the United States Military before the age of 17, or allow anyone under the age of 18 to vote.  So, it would be just as unreasonable to expect an individual who was a minor and whose educat[tion] at the time of his crime was very limited to reasonabl[]y comprehend the AEDPA; [it] is a travesty of justice.
>
>The petitioner was dependent upon a jailhouse lawyer, a fellow prisoner whose educational background more than likely was questionable and who most definitely was no legal scholar, made it impossible for the Petitioner to comprehend [] the AEDPA standards at its' time of enactment.
>
>Petitioner, through the best of his ability and limited knowledge, has followed the proper procedure to humbly come before this court.

*("Petitioner's Reply,"  pg. ii)*

It is therefore Petitioner's position that because of his youth at the time of his sentencing, his lack of legal knowledge (particularly about the AEDPA standards), and his lack of competent legal assistance, he should be permitted to file his habeas petition despite the fact that is untimely and statutorily barred.

Despite the logical and factual nature of Petitioner's argument, he continues to be statutorily barred from filing his habeas petition with this Court for several reasons.  First, although the offense occurred when Petitioner was fifteen years old  (in November 1990)  and he was convicted when he was sixteen years old (in April 1992), the statute of limitations period did not expire until Petitioner was twenty-one years of age (in April 1997).  Therefore, Petitioner had been an adult for three years before he became statutorily barred.  Petitioner then waited

another four years after the statute of limitations had run before he filed his first post judgment pleading in the form of a motion for relief from judgment with the trial court. At this point, Petitioner was twenty-five years of age. Therefore, the fact that Petitioner was a minor when the offense was committed and when he was sentenced becomes insignificant in light of the fact that he had three years after he was no longer a minor to timely continue the post judgment process in this case. See *Jagodka v. Lafler,* No. 04-1345, 148 Fed. Appx. 345, 347 (6th Cir. July 27, 2005)(petitioner was 16 years old at the time of sentencing and had 2 years in which to file a timely habeas petition).

Second, Petitioner has failed to "allege any material impediment to his filing a timely application." *Id.* Petitioner attributes his untimely filing to his youth, lack of legal education, and lack of competent legal assistance. This Circuit does not recognize these as "material impediments." *Id.* In fact, "courts are reluctant to find that a lack of actual notice of the AEDPA, or ignorance of the law in general, may excuse a late filing." *Starnes v. United States,* No. 99-5144, 18 Fed. Appx. 288, 293 (6th Cir. Aug. 22, 2001).

Third, Petitioner was not diligent in pursuing his rights in this matter for the following reasons: (1) Petitioner failed to file an appeal of right or an initial delayed application for appeal with the Michigan Court of Appeals; (2) after Petitioner's conviction, he did not pursue post-conviction relief in this matter for nine years; and (3) within that nine year period, Petitioner did not file his motion for relief from judgment until 4 years after the limitations period for filing a habeas petition had already expired.

Furthermore, Petitioner is not challenging the substance or merits of his conviction but rather, the sole issue is whether his sentence was excessive to the degree of constituting cruel

and unusual punishment. Therefore, Petitioner does not assert an actual innocence claim. Next, within Petitioner's habeas petition, memorandum of law in support of his motion for an extension of time, and in his response to Respondent's summary dismissal motion, there is no mention of any facts to support a basis or a "material impediment" relative to the extreme delay in initiating post-conviction relief and subsequently filing this habeas petition with the Court. Finally, the Court does not find it reasonable that Petitioner would remain unaware of the legal requirements for filing his claim for nine years in light of the above referenced facts regarding Petitioner's age at various stages after he was convicted.

**Conclusion**

Since the facts indicate that Petitioner was not diligent in pursuing his claim; and there has not been any claim of actual innocence in this matter, the Court grants Respondent's dispositive motion.

For the foregoing reasons, the Court concludes that Respondent's Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus is granted.

Accordingly,

IT IS HEREBY ORDERED that Respondent's Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus **[Doc. #6-1, filed March 4, 2005]** is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE.**

                                                s/ DENISE PAGE HOOD
                                                HONORABLE DENISE PAGE HOOD
                                                UNITED STATES DISTRICT COURT

Dated: June 30, 2006