# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CLIFTON SHOCKLEY,

    Petitioner,

                                                                          Case No. 04-CV-72842-DT

v.

                                                                          HONORABLE DENISE PAGE HOOD

SHERRY L. BURT,

    Respondent.

_____/

## ORDER RE PETITIONER'S MOTION FOR REHEARING

On June 30, 2006, the Court issued an Opinion and Order granting Respondent's Motion for Summary Judgment, dismissing Petitioner's habeas claim and entering Judgment in favor of Respondent. On July 31, 2006, Petitioner filed a Motion for Rehearing. Petitioner mailed and served the documents from Riverside Correctional Facility on July 26, 2006. The Court considers the post-judgment motions under Rule 59(e) of the Rules of Civil Procedure since a Judgment has been entered in this matter and, also under E.D. Mich. LR 7.1 governing Motions for Reconsideration.

A motion filed after a judgment has been entered is correctly considered as either a motion for new trial or motion to alter or amend judgment under Fed.R.Civ.P. 59. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Rule 59(e) allows a party to file a Motion to Alter or Amend Judgment within a ten day time period of the entry of the Judgment. The ten day time period cannot be extended by the district court if the motion is filed after a judgment has been entered. Fed.R.Civ.P. 6(b); *Peake v. First National Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983). The ten day time limit is jurisdictional and may not be altered or waived. *Feathers,* 141 F.3d at 268. A Rule 59 motion filed outside the mandatory ten day window

is of no effect.  *Id.*

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten days after entry of such order.  E.D. Mich. LR 7.1(g)(1).  No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs.  E.D. Mich. LR 7.1(g)(2).  Local Rule 7.1(g) further states:

> (3) **Grounds**.  Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.  The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3).

Petitioner argues that his Motion for Rehearing should be considered timely filed because he was transferred by MDOC before receiving the June 30, 2006 Opinion and Order.  The Proof of Service indicates that the Opinion and Order was served on July 3, 2006.  Petitioner had until July 18, 2006 [ten days] to serve his Motion for Reconsideration.  Albeit Petitioner received the Opinion and Order on July 17, 2006, and thus had a short time period in which to file the Motion for Reconsideration, it nonetheless could have been timely filed.  Petitioner also fails to inform the Court of the date of his transfer by MDOC and how long prior to the issuance of the Opinion and Order he was transferred.  Moreover, the Court's docket does not indicate that Petitioner submitted any change of address to notify the court of his transfer.

Petitioner's Motion for Rehearing was not timely filed either under Rule 59 or the Local Rules.  The Court does not have jurisdiction to consider Petitioner's Motion.

Accordingly,

IT IS ORDERED that Petitioner's Motion for Rehearing **[Docket No. 16, filed July 31, 2006]** is DENIED.

                                                 */s/ DENISE PAGE HOOD*
                                                 DENISE PAGE HOOD
                                                 United States District Judge

DATED: November 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 27, 2006, by electronic and/or ordinary mail.

                                                 s/ William F. Lewis
                                                 Case Manager